UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH A. HUBER,
Plaintiff,

vs.

CORRECTION OFFICER BATES, et al.,
Defendant.

Case No. 19-473
McFarland, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Ohio State Penitentiary, brings this action against defendants CO Harris and CO Keating for alleged violations of his constitutional rights while he was incarcerated at the Southern Ohio Correctional Facility. On July 30, 2019, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 5).

Defendants filed a motion for judgment on the pleadings on December 24, 2019.[1] (Doc. 19). Plaintiff failed to timely respond to the motion for judgment on the pleadings. On January 28, 2020, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 22). The Order notified plaintiff that failure to comply with the terms of the Order may result in a recommendation to the District Judge that this action be dismissed. To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962)). Plaintiff's failure to respond to the Order to Show Cause warrants exercise of

---

[1] Plaintiff moved for leave to amend/supplement the complaint on November 25, 2019 to specify that he sues Harris and Keating in their individual capacities for nominal and punitive damages only. (Doc. 16). Defendants did not file a response in opposition to the motion.

the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/25/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH A. HUBER,
Plaintiff,

vs.

CORRECTION OFFICER BATES, et al.,
Defendant.

Case No. 19-473
McFarland, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).